UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; and AMAZON WEB SERVICES, INC.,<br><br>    Defendants. | Case No. 2:24-cv-00542<br><br>JURY TRIAL DEMANDED |

**NOTICE OF SOTERA STIPULATION OF DEFENDANTS AMAZON.COM, INC.; AMAZON.COM SERVICES, LLC; AND AMAZON WEB SERVICES, INC.**

Between February 21 and February 27, 2025, Amazon.com, Inc. filed petitions for *Inter Partes Review* ("IPR") challenging each of the asserted patents in this lawsuit — Nos. IPR2025-00624, IPR2025-00625, IPR2025-00626, and IPR2025-00627 — with the Patent Trial and Appeal Board of the United States Patent and Trademark Office (the "PTAB"). Amazon.com, Inc.; Amazon.com Services LLC; and Amazon Web Services, Inc. (collectively, "Defendants") were named as real parties-in-interest in each IPR proceeding. The table below indicates the IPR number, challenged patent number, and challenged claims of the respective petitions filed before the PTAB:

| IPR No. | Asserted U.S. Patent No. | Challenged Claims |
|---|---|---|
| IPR2025-00624 | 8,040,232 | 1-12 |
| IPR2025-00625 | 8,930,196 | 1-20 |
| IPR2025-00626 | 11,082,518 | 1-20 |
| IPR2025-00627 | 7,689,001 | 1-12 |

The claims challenged in these IPR petitions include all claims of the above asserted patents that

Plaintiff KAIFI LLC ("KAIFI" or "Plaintiff") has asserted against Defendants in this litigation.

Defendants hereby notify the Court and Plaintiff that Defendants are submitting the following stipulations in support of the petitions in IPR2025-00624, IPR2025-00625, IPR2025-00625, and IPR2025-00627. Defendants' stipulations herein go above and beyond the stipulation described in *Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 18-19 (PTAB Dec. 1, 2020) ("*Sotera*") to mitigate against any potential overlap of issues raised in IPR2025-00624, IPR2025-00625, IPR2025-00625, and IPR2025-00627 and issues raised in this proceeding. *See Motorola Solutions, Inc. v. Stellar, LLC*, IPR2024-01205, Paper 19 at 3-4 (PTAB Mar. 28, 2025).

Defendants hereby stipulate that, if the PTAB institutes an IPR (and does not subsequently vacate institution) in response to Amazon.com, Inc.'s petition against Plaintiff's U.S. Patent No. 8,040,232 (IPR2025-00624), Defendants will not pursue in this litigation against the claims challenged in IPR2025-00624: (i) the specific grounds raised in IPR2025-00624, (ii) any other ground that could have reasonably been raised before the PTAB in that instituted proceeding (i.e., any ground that could have reasonably been raised under §§ 102 or 103 on the basis of prior art patents or printed publications), or (iii) any ground based on a combination of system prior art and the references asserted as part of a ground raised in IPR2025-00624, as reflected in the table summarizing the Statutory Grounds for Challenges on page 19 of the Petition filed in IPR2025-00624.

Defendants hereby stipulate that, if the PTAB institutes an IPR (and does not subsequently vacate institution) in response to Amazon.com, Inc.'s petition against Plaintiff's U.S. Patent No. 8,930,196 (IPR2025-00625), Defendant will not pursue in this litigation against the claims challenged in IPR2025-00625: (i) the specific grounds raised in IPR2025-00625, (ii) any other

ground that could have reasonably been raised before the PTAB in that instituted proceeding (i.e., any ground that could have reasonably been raised under §§ 102 or 103 on the basis of prior art patents or printed publications), or (iii) any ground based on a combination of system prior art and the references asserted as part of a ground raised in IPR2025-00625, as reflected in the table summarizing the Statutory Grounds for Challenges on page 21 of the Petition filed in IPR2025-00625.

Defendants hereby stipulate that, if the PTAB institutes an IPR (and does not subsequently vacate institution) in response to Amazon.com, Inc.'s petition against Plaintiff's U.S. Patent No. 11,082,518 (IPR2025-00626), Defendants will not pursue in this litigation against the claims challenged in IPR2025-00626: (i) the specific grounds raised in IPR2025-00626, (ii) any other ground that could have reasonably been raised before the PTAB in that instituted proceeding (i.e., any ground that could have reasonably been raised under §§ 102 or 103 on the basis of prior art patents or printed publications), or (iii) any ground based on a combination of system prior art and the references asserted as part of a ground raised in IPR2025-00626, as reflected in the table summarizing the Statutory Grounds for Challenges on page 14 of the Petition filed in IPR2025-00626.

Defendants hereby stipulate that, if the PTAB institutes an IPR (and does not subsequently vacate institution) in response to Amazon.com, Inc.'s petition against Plaintiff's U.S. Patent No. 7,689,001 (IPR2025-00627), Defendants will not pursue in this litigation against the claims challenged in IPR2025-00627: (i) the specific grounds raised in IPR2025-00627, (ii) any other ground that could have reasonably been raised before the PTAB in that instituted proceeding (i.e., any ground that could have reasonably been raised under §§ 102 or 103 on the basis of prior art patents or printed publications), or (iii) any ground based on a combination of system prior art and

the references asserted as part of a ground raised in IPR2025-00627, as reflected in the table summarizing the Statutory Grounds for Challenges on page 19 of the Petition filed in IPR2025-00627.

Defendants' stipulations above are not intended and should not be construed to limit Defendants' ability to assert invalidity of any claim of the patents at issue in this lawsuit based on any other ground, including combinations of system prior art with patents or printed publications that were not asserted as part of a ground raised in Defendants' respective IPR petitions, or to use any patents or printed publications for other purposes, including without limitation to provide information concerning: (1) the background of the relevant art; (2) the motivations, incentives, or level of skill of a person of ordinary skill in the art; (3) to identify the closest prior art to the alleged invention for damages purposes; or (4) to provide information concerning non-infringing alternatives.

Dated:  May 8, 2025

Respectfully submitted,

HUESTON HENNIGAN LLP

By: */s/ Christina V. Rayburn*
Christina V. Rayburn (lead counsel)
Neil G. Anderson
Thomas B. King
Karen L. Younkins
Christine Woodin
HUESTON HENNIGAN LLP
620 Newport Center Drive, Ste. 1300
Newport Beach, California 92660
Telephone: 949-287-5940
Facsimile: 888-866-4825
crayburn@hueston.com
nanderson@hueston.com
tking@hueston.com
kyounkins@hueston.com

cwoodin@hueston.com

Deron R. Dacus
The Dacus Law Firm PC
ddacus@dacusfirm.com
821 ESE Loop 323
Tyler, TX 75701
Telephone: 903-705-1117
Facsimile: 903-581-2543

*Attorneys for Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this May 8, 2025.

*/s/ Christina V. Rayburn*
Christina V. Rayburn
