**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.;<br>AMAZON.COM SERVICES LLC; and<br>AMAZON WEB SERVICES, INC.,<br><br>    Defendants. | Case No. 2:24-cv-00542<br><br>JURY TRIAL DEMANDED |

**KAIFI'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE**
**TO SUPPLEMENT INFRINGEMENT CONTENTIONS**

## TABLE OF CONTENTS

**Page**

I. NO CONTINUANCE IS NECESSARY ...............................................................................1

II. DEFENDANTS WOULD NOT BE UNFAIRLY PREJUDICED.......................................2

III. KAIFI HAS ACTED DILIGENTLY ..................................................................................3

IV. KAIFI'S SUPPLEMENTS ARE IMPORTANT.................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahern Rentals, Inc. v. Equipmentshare.Com, Inc.*,
  CA No. 2:20-CV-00333-JRG, Dkt. 52 (E.D. Tex. June 30, 2021) ............................................ 4

*Alacritech v. CenturyLink*,
  2017 WL 3007464 (E.D. Tex. July 14, 2017) ........................................................................ 4

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  2018 WL 574871 (E.D. Tex. Jan. 26, 2018) ........................................................................... 5

*Global Sessions v. Travelocity.com*,
  2012 WL 1903903 (E.D. Tex. May 25, 2012) ........................................................................ 5

*Good Sportsman Mktg. LLC v. Testa Assocs., LLC*,
  6:05-cv-90, 2006 U.S. Dist. LEXIS 116594 (E.D. Tex. May 24, 2006) ................................... 5

*Keranos v. Silicon Storage Tech.*,
  2013 WL 5763738 (E.D. Tex. Aug. 5, 2013) .......................................................................... 4

*Lionra Techs. Ltd v. Fortinet, Inc.*,
  2023 U.S. Dist. LEXIS 148398 ............................................................................................... 5

*Realtime Data v. Packeteer*,
  2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ........................................................................ 4

## TABLE OF DEFINITIONS

| Short Form | Definition |
| --- | --- |
| KAIFI | Plaintiff KAIFI LLC |
| Amazon | Defendants Amazon.com, Amazon Services, and/or Amazon AWS |
| Amazon.com | Defendant Amazon.com, Inc. |
| Amazon Services | Defendant Amazon.com Services LLC |
| Amazon AWS | Defendant Amazon Web Services, Inc. |
| '196 Patent | U.S. Patent No.8,930,196 |
| '518 Patent | U.S. Patent No.11,082,518 |
| '232 Patent | U.S. Patent No.8,040,232 |
| '001 Patent | U.S. Patent No.7,689,001 |
| Infringement Contentions | Plaintiff KAIFI LLC's P.R. 3-1 And 3-2 Disclosure Of Asserted Claims And Infringement Contentions And Accompanying Document Production and Appendices A-E (November 14, 2024) |
| Hayes Decl. | Declaration of Jennifer Hayes |

## TABLE OF EXHIBITS

| Ex. No. | Description |
| --- | --- |
| 1. | Amazon's supplemental invalidity claim charts for the '232 patent |
| 2. | Unpublished authority: *Ahern Rentals, Inc. v. Equipmentshare.Com, Inc.*, CA No. 2:20-CV-00333-JRG, Dkt. 52 (E.D. Tex. June 30, 2021) |

Amazon does not and cannot identify any prejudice created by KAIFI's amended contentions. Indeed, Amazon's assertion that they do not understand KAIFI's *original* contention theories, which are the subject of a separate motion to strike, is unrelated to this motion. KAIFI included more than 150 products in its original contentions and seeks to add a limited number of additional products – products that Amazon should have disclosed in discovery, but did not. KAIFI is not adding new infringement theories. Neither the local rules nor relevant cases mandate the result Amazon seeks. Simply because limited public information exists about the newly identified products does not mean that a plaintiff must necessarily find every last piece of such information in preparing its initial contentions or a failure to do so renders any amendment impossible.

## I.     NO CONTINUANCE IS NECESSARY

Amazon argues that a continuance is necessary - not based on the issues in this Motion, but based on an entirely different motion – Amazon's pending Motion to Strike – in which Amazon argues that it does not understand KAIFI's contentions. Dkt. 43. This is disingenuous. Amazon understands the Asserted Patents, the Asserted Claims, and KAIFI's infringement contentions. Indeed, since filing its motion to strike, Amazon has served supplemental invalidity contentions and its invalidity charts repeatedly refer to KAIFI's infringement contentions. (Hayes Decl. at 6, Exh. 1).

Amazon should not be permitted to continue delaying discovery and run the clock. Instead of asking for a continuance, Amazon should comply with the Court's discovery orders and respond to KAIFI's discovery requests. No continuance is needed as KAIFI's supplements are consistent with the scope of KAIFI's initial accused products, do not change any of KAIFI's original infringement theories, and were served with nearly seven months left before the close of fact discovery. Amazon does not and cannot explain why the addition of a limited number of additional accused products justifies restarting the entire case, and it clearly does not.

1

## II. DEFENDANTS WOULD NOT BE UNFAIRLY PREJUDICED

Other than bald speculative statements devoid of reference to the actual supplements, Amazon makes no serious argument that the supplement prejudices it in any manner. Instead, the entirety of Amazon's prejudice argument is that the amendments do not address its concerns set forth in its Motion to Strike. Dkt. 79 at 14-15. Amazon's assertions about the original contentions are incorrect, as briefed in KAIFI's response to that motion. Dkt. 52. But regardless, Amazon's complaints about the original contentions have nothing to do with the amendments at issue in *this* motion. Amazon identifies no prejudice from KAIFI's limited amendment at issue here.

Amazon also asserts that KAIFI's proposed amendments include new theories. They do not. Amazon only points to a single sentence about a single product – Amazon Sidewalk – as evidence of a new theory. Dkt. 79 at 5. But, KAIFI disclosed the functionality of Amazon Sidewalk in its original chart multiple times:

> For example, Amazon provides Amazon Sidewalk, a shared network that helps devices like Amazon Echo devices, Ring Security Cams, outdoor lights, and motion sensors work better.[17]
>
> **Welcome to Amazon Sidewalk**
> Amazon Sidewalk is a shared network that helps devices like Amazon Echo devices, Ring Security Cams, outdoor lights, and motion sensors work better at home and beyond the front door. When enabled, Sidewalk can unlock unique benefits for your device, support other Sidewalk devices in your community, and even open the door to new innovations like locating items connected to Sidewalk.

Dkt. 74, Ex. 3 at 16; see also *id.* at 26-27, 59, 125, 192, 197-98. The original contentions chart discloses: "supports other Sidewalk devices... locating items connected to Sidewalk." Consistent with these original contentions, KAIFI's supplement states that Amazon Sidewalk can "work

2

with tracker devices to help find valuables outside a user's home." Dkt. 74, Ex. 6 at 45-46. It is not a new theory.

### III. KAIFI HAS ACTED DILIGENTLY

KAIFI respectfully submits it has acted with reasonable diligence with respect to the amendment, seeking to add the limited additional products as soon as it discovered them. Amazon does not dispute KAIFI promptly sought leave after learning of the new products.

Amazon only argues that KAIFI should have found the products at the time of its original contentions. But for a behemoth company such as Amazon, which offers thousands of products and services, it is not realistic to expect that a patentee will always be able to identify every possible infringing product in the original contentions. KAIFI did, however, undertake significant efforts to identify all the products it could and identified at the time of its original contentions an expansive list of 152 accused infringing products. This list included all the products KAIFI was aware of at the time from public information.

While the information relating to the additional products may have been public at the time of KAIFI's original contentions, it was not easily accessible. For example, the Amazon AWS products that KAIFI seeks to add do not show up when entered into the search fields for "Explore our solutions" or "Explore our products" on Amazon's website. (Hayes Dec. at 2). Although publicly available materials about these products can be found through an internet search, one must first know of their existence to do this search; otherwise, they can only be found by following multiple links from Amazon AWS's website or from other websites that are not directly linked to Amazon AWS's website. For instance, to locate the Monitron product suites on Amazon AWS's website from among the thousands of possible products and services, one needs to click on multiple links from Amazon AWS's website, including "Products" from the main website, then "Machine Learning," then then "Amazon Monitron." (Hayes Decl. at 4).

Like Monitron, Just Walk Out and Amazon Go also were not easily located at the time KAIFI served its original contentions. (Hayes Decl. at 5).  Without prior knowledge of the particular products (or discovery from Amazon), searching for every relevant product is akin to looking for needles in a haystack.

Amazon's cited cases are inapposite and none stand for the proposition that initial infringement contentions must include every defendant product that can possibly be found through internet searches.  In *Keranos*, plaintiff originally listed just a handful of exemplary products, then sought to add *thousands* of additional products not disclosed in its original infringement contentions.  *Keranos v. Silicon Storage Tech.*, 2013 WL 5763738, at *2-3 (E.D. Tex. Aug. 5, 2013), *vacated in part on other grounds*.  In contrast, KAIFI only seeks to add five new products. Amazon argues that KAIFI did not address several products, Dkt. 79 at 4-5, but as Amazon knows, these are subsidiary products which support Amazon Monitron.  (Hayes Decl. at 3)

In *Packeteer,* plaintiff sought leave to amend its contentions *over nine months after* serving its original contentions.  *Realtime Data v. Packeteer*, 2009 WL 2590101, at *6 (E.D. Tex. Aug. 18, 2009).  Here, KAIFI served its supplemental contentions only four and a half months after serving its original contentions, and nearly seven months before the close of fact discovery.  In *Ahern,* the issue was that plaintiff could only explain diligence after the deadline for invalidity contentions, but not before.  *Ahern Rentals*, CA No. 2:20-CV-00333-JRG, Dkt. 52 at 2-4 (E.D. Tex. June 30, 2021).  KAIFI has demonstrated diligence both before and after the deadline, as shown by its list of Accused Instrumentalities in the original contentions.

In *Alacritech*, the Court found that Plaintiff's use of catch-all language for products that were neither identified nor charted in the original contentions did not provide notice as to any specific products.  *Alacritech v. CenturyLink*, 2017 WL 3007464 at *3 (E.D. Tex. July 14, 2017).

4

That issue is not present here – KAIFI seeks to identify additional products by name and explains how those products fall within the scope of accused products in the original contentions.

**IV.     KAIFI'S SUPPLEMENTS ARE IMPORTANT**

KAIFI's supplements are important because judicial economy weighs in favor of allowing KAIFI's supplements to enable full discovery and litigation of the similar products presented therein and where infringement theories were unchanged. *Good Sportsman Mktg. LLC v. Testa Assocs., LLC*, 6:05-cv-90, 2006 U.S. Dist. LEXIS 116594, at **7-8 (E.D. Tex. May 24, 2006) (allowing supplementation of infringement contentions where the newly added products were "similar to the other accused products already present in the case,"); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 574871, at *2 (E.D. Tex. Jan. 26, 2018). That is the case here, as the additional accused products fall squarely within the scope of the accused products in KAIFI's original contentions, and the supplements do not change KAIFI's original infringement theories. Including the products in this action is far more efficient than addressing them in a separate litigation with Amazon. *See Lionra Techs. Ltd.*, 2023 U.S. Dist. LEXIS 148398, at *8 (recognizing that permitting supplemental infringement contentions is a more efficient path forward to resolving the parties' disputes).

*Global Sessions* is inapposite because, unlike here, the *original* contentions included the URLs which contained information about the instrumentalities plaintiff sought to add in the amended contentions, and the Court found that the importance of the new products required a higher level of diligence concerning the websites plaintiff had relied on in its original contentions. *Global Sessions v. Travelocity.com*, 2012 WL 1903903, at *6 (E.D. Tex. May 25, 2012). In contrast, KAIFI was not aware of the limited public information and the importance of the amendment here is not implicated by the *Global Sessions* analysis.

KAIFI respectfully requests that the Court grant its motion for leave to supplement.

5

| | |
|---|---|
| Date: May 15, 2025 | */s/ Jennifer Hayes* |

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Fax: (903) 923-9099

Jason G Sheasby
(admitted *Pro Hac Vice*)
jsheasby@irell.com
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Telephone: 310.203-7096
Fax: 310-203-7199

Stephen M Payne
(admitted *Pro Hac Vice*)
spayne@irell.com
Irell & Manella
840 Newport Center Drive
Suite 400
Newport Beach, CA 92660
Telephone: 949-760-0991
Fax: 949-760-5200

Andrew Choung
(admitted in E.D. Texas)
achoung@nixonpeabody.com
Jennifer Hayes
(admitted *Pro Hac Vice*)
jhayes@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Fax: (213) 629-6001

Daniel J. Schwartz

6

        (admitted in E.D. Texas)
djschwartz@nixonpeabody.com
NIXON PEABODY LLP
70 W. Madison Street, Suite 5200
Chicago, IL 60602
Telephone: (312) 977-4400
Fax: (844) 560-8137

*Attorneys for Plaintiff KAIFI LLC*

7

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on May 15, 2024, pursuant to Local Rule CV-5(a) and has been served on all counsel via electronic mail.

/s/ *Jennifer Hayes*
Jennifer Hayes