PUBLIC REDACTED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.;<br>AMAZON.COM SERVICES LLC; and<br>AMAZON WEB SERVICES, INC.,<br><br>    Defendants. | Case No. 2:24-cv-00542<br><br>JURY TRIAL DEMANDED |

**KAIFI LLC'S RESPONSE TO THE AMAZON DEFENDANTS' CONFIDENTIAL
MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS
DIRECTED TO THE '001 PATENT TO ADD ADDITIONAL EVIDENCE REGARDING
A PREVIOUSLY DISCLOSED PRIOR ART SYSTEM**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................................. | 1 |
| II. | BACKGROUND .................................................................................................................... | 1 |
| III. | LEGAL STANDARDS ......................................................................................................... | 3 |
| IV. | AMAZON HAS NOT SHOWN GOOD CAUSE ................................................................. | 4 |
| | A.   Amazon Has Not Shown Dilligence ........................................................................ | 4 |
| | B.   Amazon Has Not Shown Good Cause as to the Remaining Factors ....................... | 5 |
| V. | CONCLUSION ....................................................................................................................... | 6 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Estech Sys. IP, LLC v. Carvana LLC*,
    No. 2:21-CV-00482-JRG-RSP, 2023 WL 2245116 (E.D. Tex. Feb. 27, 2023) ..................... 4, 5

*Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*,
    2021 WL 4894262 (E.D. Tex. Oct. 19, 2021) ........................................................................ 5

*Global Sessions v. Travelocity.com*,
    2012 WL 1903903 (E.D. Tex. May 25, 2012) ...................................................................... 5

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
    797 F.3d 1025 (Fed. Cir. 2015) ............................................................................................. 5

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, NA,
    315 F.3d 533 (5th Cir. 2003) ................................................................................................. 5

*Uniloc 2017 LLC v. Google LLC*,
    2020 WL 709557 (E.D. Tex. Feb. 10, 2020) ................................................................. 4, 5, 6

## TABLE OF DEFINITIONS

| Short-Form | Definition |
|---|---|
| KAIFI | Plaintiff KAIFI LLC |
| Amazon | Defendants Amazon.com, Amazon Services, and/or Amazon AWS |
| Amazon.com | Defendant Amazon.com, Inc. |
| Amazon Services | Defendant Amazon.com Services LLC |
| Amazon AWS | Defendant Amazon Web Services, Inc. |
| '001 Patent | U.S. Patent No.7,689,001 |
| '232 Patent | U.S. Patent No. 8,040,232 |
| AMR | Autonomous Mobile Robot |
| Werber Decl. | Declaration Of Matthew A. Werber |
| Original '001 Invalidity Contentions | Amazon's Initial Invalidity Contentions and Additional Disclosures Pursuant To Local Patent Rules For U.S. Patent No. 7,689,001(January 16, 2025) |
| Original Kiva Chart | Amazon's original P.R. 3-3(c) claim chart for the Kiva system (January 16, 2025) |
| First Amended '001 Invalidity Contentions | Amazon's Initial Invalidity Contentions and Additional Disclosures Pursuant To Local Patent Rules For U.S. Patent No. 7,689,001 (March 19, 2025) |
| First Amended Kiva Chart | Amazon's amended P.R. 3-3(c) claim chart for the Kiva system with redline (March 19, 2025) |
| Second Amended Kiva Chart | Amazon's P.R. 3-3(c) second amended claim chart for the Kiva system with redline (April 24, 2025) |

## TABLE OF EXHIBITS

| No. | Exhibit |
|---|---|
| 1. | Original '001 Invalidity Contentions |
| 2. | Original Kiva Chart |
| 3. | First Amended '001 Invalidity Contentions |
| 4. | First Amended Kiva Chart |
| 5. | Second Amended Kiva Chart |
| 6. | Unpublished Authorities |

I.     INTRODUCTION

Amazon offers no legitimate excuse for why it did not identify the new material it now seeks to introduce during the six months that passed between the time of KAIFI's complaint and the January 16, 2025, deadline for its Original '001 Invalidity Contentions. Amazon claims it needed extra time to discover these materials from "third parties," including the co-founders of Kiva Systems. However, Kiva Systems is not a third party as Amazon acquired Kiva Systems in 2012, took possession of its documents and employed its co-founders and principals for several years. Amazon had access to these former Kiva Systems principals and Amazon employees at all relevant times, and worked with one such individual to identify relevant documents prior to the deadline.

Further, the First Amended Kiva Chart introduces new invalidity theories. Amazon does not acknowledge or provide any reason for introducing new invalidity theories. Amazon represents that the Kiva system is Amazon's most important system reference. Understanding the alleged importance Amazon places on this reference, Amazon should have exercised more diligence and incorporated the additional Kiva system materials into its Original Kiva Chart, but it did not. Amazon provides no basis for allowing a do-over.

In addition, KAIFI also has a similar co-pending motion to amend its infringement contentions based on product information found after filing the complaint. Dkt. 74 (KAIFI's motion to amend '232 Patent infringement contentions). As set forth herein and in the co-pending motion, KAIFI provides a stronger good-cause basis for its amendments as compared to Amazon's positions here.

II.     BACKGROUND

On July 17, 2024, KAIFI filed its complaint accusing Amazon of infringing the '001

1

Patent through its use of AMRs in Amazon warehouses. Dkt. 1-9, 1-14. Six months later, on January 16, 2025, Amazon served its Original '001 Invalidity Contentions and Original Kiva Chart, which assert a Kiva Systems robotic system from 2005 as prior art. Ex. 2. Kiva Systems is not a third party to this case. Amazon acquired Kiva Systems in 2012, and employed its co-founders and principals Dr. Peter Wurman and Mick Mountz for several years. Dkt. 77 at 3.

In the timeframe leading up to the January 16, 2025 Invalidity Contentions deadline, Amazon collected and ultimately produced several internal Kiva documents, which Amazon references in the Original Kiva Chart. Dkt. 77 at 2. Amazon worked with Dr. Wurman to locate these documents in advance of the deadline, but did not "reac[h] out" to the Mr. Mountz (the former Kiva Systems CEO) until five weeks after the deadline on February 21, 2025. Dkt. 77-1, ¶ 3. Amazon also collected additional documents from another former Kiva Systems and Amazon employee, Peter Mansfield, who Amazon did not contact until March 2025, well after the original contentions deadline. *Id.*, 6. Based on conversations with Messrs. Mountz and Mansfield, Amazon collected and provided additional documents from its files. *Id.*, ¶5-7. Amazon also collected additional documents from these former employees directly. *Id*.

On March 19, 2025, Amazon served its First Amended '001 Invalidity Contentions and First Amended Kiva Chart. Ex. 1. Amazon characterizes the amendments as a "targeted amendment" limited to "newly obtained evidence," but the scope of the amendment is much larger than what Amazon portrays. Dkt. 77 at 1, 4. The First Amended Kiva Chart added 25 pages of discussion for claim 1 alone, including more than 7 additional pages of excerpted text and information from the "newly discovered" materials for the first element of claim 1 alone. *Cf* Ex. 2, *with* Ex. 4.

Further, the First Amended Kiva Chart introduced new invalidity theories, including, for

2

example, REDACTED

REDACTED

Ex. 4, 46 (redline provided by Amazon to denote text newly introduce in the First Amended Kiva Chart). Amazon's new invalidity theory for this claim element set forth in the excerpt above and the charted information which follows were neither mentioned in any manner in its Original Kiva Chart nor set forth in any prior discussion of how Amazon contends these claim elements were met by the referenced aspects of the Kiva system.

KAIFI explained it objected to Amazon's untimely amendment. Still, to avoid unnecessary motion practice, KAIFI proposed a compromise whereby KAIFI would not oppose the Kiva amendment provided Amazon would not object to KAIFI's proposed amendment to its infringement contentions for the '232 patent as both parties proposed amendments are based on materials allegedly found after the initial deadlines for the respective contentions. Dkt. 77 at 6; Dkt. 74 (KAIFI Motion for Leave). Amazon rejected KAIFI's compromise and two motions followed: (i) the present motion and (ii) KAIFI's Motion For Leave relating to the '232 patent. Dkt. 74.

**III.   LEGAL STANDARDS**

Under the Local Patent Rules, a party's invalidity contentions "shall be deemed to be that party's final contentions" subject only narrow exceptions. P.R. 3-6(a). Amendment to a party's invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). Courts consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2)

the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Estech Sys. IP, LLC v. Carvana LLC*, No. 2:21-CV-00482-JRG-RSP, 2023 WL 2245116, at *2 (E.D. Tex. Feb. 27, 2023) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) and *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 536 (5th Cir. 2003)) (denying motion to amend invalidity contentions based on "lack of diligence").

## IV. AMAZON HAS NOT SHOWN GOOD CAUSE

### A. Amazon Has Not Shown Dilligence

Amazon argues it exercised diligence and can be excused from its P.R. 3-3 deadline because it needed to collect documents from "third parties." Dkt. 77 at 13. Kiva Systems is not a "third party." Amazon acquired Kiva Systems in 2012, so its repositories and documents became Amazon repositories and documents. Dkt. 77 at 3. Further, the former Kiva Systems principals (Dr. Wurman, Mr. Mountz and Mr. Mansfield) are also former Amazon employees. Dkt. 77 at 2, 4. Thus, Amazon "should have been able to acquire" these materials. *Uniloc 2017 LLC v. Google LLC*, 2020 WL 709557, at *2 (E.D. Tex. Feb. 10, 2020) (denying leave to amend based on lack of diligence).

Amazon has not claimed it did not have access to these former employees. In fact, Amazon worked with Dr. Wurman to locate these documents in advance of the deadline. Dkt. 77-1, ¶ 2. Yet for some unexplained reason, Amazon failed to "reac[h] out" to Mr. Mountz (the former Kiva Systems CEO) for the allegedly important information it now seeks to add until five weeks after the deadline on February 21, 2025. *Id.*, ¶ 3. Amazon waited even longer to speak with Mr. Mansfield, delaying that until the following month. *Id.*, ¶ 6. Amazon "provides no explanation for the delay" in contacting these former employees during the six months that

4

passed between the time of KAIFI's complaint and the January 16, 2025 invalidity contention deadline, or for delaying several months after beyond the original deadline upon recognizing the purported importance of these materials. *Uniloc*, 2020 WL 709557, at *2.

For these reasons, Amazon's reliance on *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, is misplaced. 2021 WL 4894262 (E.D. Tex. Oct. 19, 2021); Dkt. 77 at 7, 9, 10. *Garrity Power* excused a defendant's delay in providing system art evidence based on the time needed to subpoena an entirely unrelated third-party entity. *Garrity Power*, 2021 WL 4894262 at * 1-2. Amazon has had access to the additional Kiva materials and former Kiva Systems / Amazon employees.

Moreover, the First Amended Kiva Chart added 25 pages of discussion for claim 1 alone, including more than 7 additional pages of excerpted text and discussion from the "newly discovered" materials for claim element 1(a), and introduced new invalidity theories. Ex. 4 at 11-24, 46. Amazon has not provided any explanation for introducing new theories at this stage. *Estech*, 2023 WL 2245116, at *2 (noting "lack of diligence alone is sufficient to deny Defendants' motion").

       **B.**    **Amazon Has Not Shown Good Cause as to the Remaining Factors**

Amazon argues the Kiva system is Amazon's "primary" system reference and asserts that it will be "important" at trial. Dkt. 77 at 9-10. However, the alleged importance only reinforces that Amazon should have exercised more diligence in finding the new material it seeks to add now. *Global Sessions v. Travelocity.com*, 2012 WL 1903903 at * 6 (E.D. Tex. May 25, 2012) (noting "the relative importance … should have generated a commensurate amount of diligence"). Amazon goes to great lengths explaining the alleged importance of this information but cannot explain how or why it failed to obtain the information by the original deadline when there is no dispute that it had access to the materials through its acquisition of Kiva and access to

5

its employees – all during the relevant period prior to the original deadline.

Further, KAIFI would face prejudice if the amendment is permitted. Amazon's amendment introduces new invalidity theories and dozens of additional technical documents and pages of discussion, which KAIFI would need to rebut, and the likely need to depose additional witnesses about these new Kiva documents, which Kiva apparently failed to maintain as its own business records. While Amazon may claim the prejudice is small, KAIFI "should not have to suffer even a perceived disadvantage due to [Amazon's] lack of diligence." *Uniloc*, 2020 WL 709557, at n. 4.[1]

Indeed, because Amazon represents the Original Kiva Chart "identif[ied] the Kiva system and provid[ed] substantial information about it" Amazon could present that information at trial. Dkt. 77 at 9. Amazon would not experience any prejudice here by denying the amended contentions.

Amazon claims the amendment provides "further support and detail for Defendants' previously disclosed theories." Dkt. 77 at 10. However, merely "allow[ing] additional detail" is plainly insufficient to show importance. *Uniloc*, 2020 WL 709557, at *3.

## V.   CONCLUSION

For these reasons, Amazon's motion should be denied.

---

[1] The final factor concerns the availability or need for a continuance. Neither party asks for a continuance in relation to this motion.

6

| | |
|---|---|
| Date: May 13, 2025 | */s/ Daniel J. Schwartz* |
| | Jennifer L. Truelove |
| | Texas State Bar No. 24012906 |
| | jtruelove@mckoolsmith.com |
| | MCKOOL SMITH, P.C. |
| | 104 East Houston Street Suite 300 |
| | Marshall, TX 75670 |
| | Telephone: (903) 923-9000 |
| | Fax: (903) 923-9099 |
| | |
| | Jason G Sheasby |
| | (admitted *Pro Hac Vice*) |
| | jsheasby@irell.com |
| | Stephen M Payne |
| | (admitted *Pro Hac Vice*) |
| | spayne@irell.com |
| | Irell & Manella LLP |
| | 1800 Avenue of the Stars |
| | Suite 900 |
| | Los Angeles, CA 90067-4276 |
| | Telephone: 310.203-7096 |
| | Fax: 310-203-7199 |
| | |
| | Andrew Choung |
| | (admitted in E.D. Texas) |
| | achoung@nixonpeabody.com |
| | Jennifer Hayes |
| | (admitted *Pro Hac Vice*) |
| | jhayes@nixonpeabody.com |
| | NIXON PEABODY LLP |
| | 300 S. Grand Avenue, Suite 4100 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 629-6000 |
| | Fax: (213) 629-6001 |
| | |
| | Daniel J. Schwartz |
| | (admitted in E.D. Texas) |
| | djschwartz@nixonpeabody.com |
| | NIXON PEABODY LLP |
| | 70 W. Madison Street, Suite 5200 |
| | Chicago, IL 60602 |
| | Telephone: (312) 977-4400 |
| | Fax: (844) 560-8137 |
| | |
| | *Attorneys for Plaintiff KAIFI LLC* |

7

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on May 13, 2025, pursuant to Local Rule CV-5(a) and has been served on all counsel via electronic mail.

/s/ *Daniel J. Schwartz*
Daniel J. Schwartz

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Daniel J. Schwartz*
Daniel J. Schwartz
